

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-1-2009

# USA v. Carter

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Carter" (2009). *2009 Decisions.* Paper 1606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4326

UNITED STATES OF AMERICA

v.

JOHN S. CARTER,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 07-cr-00295)
District Judge: The Honorable R. Barclay Surrick

Argued: March 23, 2009

Before: BARRY, GREENBERG, Circuit Judges, and ACKERMAN,* District Judge

(Opinion Filed: April 01, 200)

James L. Sultan, Esq. (Argued)
Charles W. Rankin, Esq.
Rankin & Sultan
151 Merrimac Street
2nd Floor
Boston, MA 02114

Counsel for Appellant

---

* Honorable Harold A. Ackerman, Senior United States District Judge for the District
of New Jersey, sitting by designation.

John J. Pease, III, Esq. (Argued)
Robert A. Zauzmer, Esq.
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-0000

Counsel for Appellee

_____

OPINION

_____

BARRY, Circuit Judge

Pursuant to a plea agreement, John S. Carter pled guilty on June 4, 2007 to two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of tax evasion, in violation of 26 U.S.C. § 7201, as charged in an information filed on May 21, 2007. The District Court accepted his plea as knowing and voluntary pursuant to Federal Rule of Criminal Procedure 11(b)(1), and subsequently imposed a sentence which included a term of imprisonment of 180 months.

Despite the fact that his plea agreement included a waiver of appeal, Carter now appeals, arguing that the District Court (1) overstated the amount of loss occasioned by his fraud pursuant to U.S.S.G. § 2B1.1; and (2) erred in applying a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1 without a specific finding of materiality or willfulness. The government has moved to enforce the appellate waiver and for summary affirmance. We agree, albeit belatedly, that the waiver should be

–2–

enforced and the judgment of sentence affirmed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). We will not exercise that jurisdiction to reach the merits of a defendant's appeal, however, if we conclude that the defendant knowingly and voluntarily waived his right to appeal, unless the result would work a miscarriage of justice. *See United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008); *Gwinnett*, 483 F.3d at 203. Where, as here, a defendant has not objected in the district court to a Rule 11 error, we review for plain error. *See Goodson*, 544 F.3d at 539.

We have heard extensive argument and have considered the parties' written submissions, including Carter's arguments as to why his waiver of appeal should not be enforced. At oral argument, counsel for Carter conceded that, despite the District Court's technical violation of Rule 11(b)(1)(N) in its colloquy with Carter, the deficient colloquy did not affect Carter's substantial rights "by precluding him from knowing of and understanding the significance of the binding appellate waiver in the plea agreement." *Id.* at 540. Accordingly, Carter has failed to demonstrate plain error as to his Rule 11 claim. *See id.* at 540-41. Moreover, we find no error as to any other argument raised by Carter such that enforcement of Carter's appellate waiver will result in a miscarriage of justice. *United States v. Corso*, 549 F.3d 921, 931 (3d Cir. 2008). We will, therefore, enforce the waiver and will not reach the merits of this appeal.

For the foregoing reasons, we will affirm the judgment of sentence.