OPINION
BARRY, Circuit Judge.
Appellant Louis March (“March”) pled guilty to one count of extortion under color of official right, in violation of 18 U.S.C. § 1951. The District Court sentenced March to 31 months’ imprisonment, a sentence March now challenges as procedurally and substantively unreasonable. The government asks this Court to dismiss the appeal or affirm the judgment in light of the fact that March waived his right to appeal. Despite error in the Rule 11 colloquy, we will enforce the appellate waiver and affirm the judgment of sentence.
*219 I.
March was employed as a Municipal Court clerk in Newark, New Jersey, when he agreed to take a bribe in exchange for using his position to hide an individual’s criminal record so that the individual could obtain a security clearance with the Department of Homeland Security. Unfortunately for March, his alleged compatriot-in-crime was actually an undercover agent. March was charged with extortion under color of official right and pled guilty pursuant to a written plea agreement, which provided, in relevant part, as follows:

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and March waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.
[Schedule A provided:]
6. March knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12.... The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.
7. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.
(Id. at 31, 34-35.)
The District Court sentenced March to 31 months’ imprisonment, a period within the undisputed Guidelines range of 27-33 months. March claims that this sentence is proeedurally and substantively unreasonable in light of the District Court’s failure to sufficiently consider his arguments about his difficult childhood, his explanation of his past criminal behavior as a desire to “be a part of something,” his drug problem, his depression, and his mother’s illness.
II.
The government invokes the appellate waiver provision reproduced above in support of an affirmance of the judgment of sentence or a dismissal of the appeal. March claims that any waiver of appeal was not entered into knowingly and voluntarily, and thus should not be enforced. As the government concedes, the District Court failed to discuss the waiver provision with March during the plea colloquy, in violation of Federal Rule of Criminal Procedure 11, which requires a district court to “inform the defendant of, and determine that the defendant understands ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.” Fed.R.Crim.P. ll(b)(l)(N).
*220 A Rule 11 violation, however, does not automatically render a waiver provision inoperative. Rather, “[b]ecause [March] did not object before the District Court to its ... Rule 11 error, he has the burden to satisfy the plain-error rule.” See United States v. Corso, 549 F.3d 921, 928 (3d Cir.2008). March must show “(1) that there was an error, ... (2) that the error was plain, i.e., clear or obvious, and (3) that the error affected his substantial rights.” Id. at 928-29. Additionally, granting relief on plain error review is discretionary, and we “exercise our discretion to correct the unpreserved error only if [March] persuades us that (4) a miscarriage of justice would otherwise result, that is, if the error seriously affeet[ed] the fairness, integrity or public reputation of the judicial proceedings.” Id. at 929 (internal citations and quotations omitted).
The error here is clear and obvious. Furthermore, the error affected March’s substantial rights: if anything, the “entire record,” which we consult when “considering the effect of the Rule 11 error,” demonstrates that the waiver here was less knowing and voluntary than the one that we found affected substantial rights in Corso. March had only a high school education, and neither the District Court nor the prosecutor made any mention of the waiver at the plea hearing or the sentencing. See id. at 929-31 (finding that Rule 11 error affected substantial rights when defendant had only a GED even though the prosecutor referred to the waiver during the plea hearing); cf. United States v. Goodson, 544 F.3d 529 (3d Cir.2008) (finding that defendant’s substantial rights were not affected when prosecutor discussed contours of waiver provision at length, and defendant was college-educated and had been involved in a complicated wire fraud scam).[1] Moreover, as in Corso, the Court explicitly (and incorrectly) told March that he had a right to appeal his sentence. (See App. 27.) See also Corso, 549 F.3d at 931 n. 2 (noting that Court “compounded [the Rule 11 error] when it unequivocally told [defendant] at the end of the sentencing hearing that he had a ‘right to appeal’ his sentence”).
Although Corso dictates the conclusion that March’s substantial rights were affected, it also dictates the conclusion that March cannot “satisfy the fourth prong of the plain-error analysis” — i.e., that “the District Court’s deficient colloquy seriously affected the fairness, integrity, or public reputation of the judicial proceedings.” See Corso, 549 F.3d at 931. Corso states that “we will exercise our discretion to correct the unpreserved error only if [defendant] persuades us that ... a miscarriage of justice would otherwise result.” Id. at 929 (internal citations and quotations). We simply cannot say that a miscarriage of justice will result by enforcing the appellate waiver: March’s appeal is a straightforward reasonableness challenge to a within-Guidelines sentence, and enforcing the waiver here will be no more a miscarriage of justice than was enforcing *221 the waiver in Corso.[2]
III.
For the foregoing reasons, we will enforce the appellate waiver and affirm the judgment of the District Court. See United States v. Gwinnett, 488 F.3d 200, 206 (3d Cir.2007) (affirming the judgment of the District Court after enforcing an appellate waiver).

. Two other documents mentioned the waiver in passing:
• The Application for Permission to Enter Plea of Guilty, signed by March at the time of his guilty plea, stated: "I understand that my plea agreement provides that under certain circumstances I have waived my right to appeal or collaterally attack the sentence imposed in this case.” (SA 6.)
• The PSR also noted that the plea agreement contains an appellate waiver provision. (PSR 4.)
However, "[t]he point of Rule ll(b)(l)(N) is that a signed piece of paper is not enough.” Corso, 549 F.3d at 930 (internal citations and quotations omitted).

. Of course, this miscarriage of justice analysis requires us to peek behind the veil of the waiver and look, however superficially, at the rather dubious merits of March's appeal. While this course of action may seem somewhat strange in light of the waiver, it is the course required by our case law.