**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4148
_____

UNITED STATES OF AMERICA

v.

PAUL WALLACE SANDERS,

                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-06-cr-00394-001)
District Judge: Hon. Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2011

Before:  FISHER, VANASKIE, and ROTH *Circuit Judges*

(Filed: November 28, 2011)

_____

OPINION
_____

VANASKIE, *Circuit Judge*.

Paul Wallace Sanders appeals his 188-month sentence following a guilty plea to

one count of distribution of five or more grams of cocaine base in violation of 21 U.S.C.

§ 841(a)(1).  We will enforce Sanders's waiver of his appellate rights and affirm the District Court's judgment.[1]

Because we write primarily for the parties, we assume familiarity with the case and discuss only those facts necessary to our decision.  On July 13, 2007, Sanders pleaded guilty to one count charging him with distributing more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  The District Court determined that Sanders was a career offender with a criminal history category of VI and an adjusted total offense level of 31, resulting in an advisory guideline range of 188 to 235 months' imprisonment.  On November 9, 2007, the District Court sentenced Sanders to 188 months' imprisonment and five years' supervised release.  Although Sanders timely filed his notice of appeal on November 18, 2007, it was not received by this Court until October 2010.

Sanders argues that his 188-month sentence must be vacated as procedurally and substantively unreasonable.  He claims that the sentence is procedurally unreasonable because the District Court failed to address his request for a downward variance from the career offender guideline range based on the 18 U.S.C. § 3553(a) factors.  He further contends that the sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing.

As part of his plea agreement, however, Sanders waived his right to appeal his conviction or sentence.  We enforce appellate waivers that are entered into knowingly

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

and voluntarily, unless enforcement would work a miscarriage of justice. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Sanders does not claim, nor does the record suggest, that he did not knowingly and voluntarily waive his right to appeal. Sanders, instead, argues that enforcement of the appellate waiver would work a miscarriage of justice.

Sanders does not tether his argument that enforcement of the waiver will work a miscarriage of justice to his claims of sentencing error. Rather, he bases his argument on the assertion that, had the resolution of his appeal not been delayed due to no fault of his own, it is unlikely that the government would have invoked the appellate waiver or, if the waiver had been invoked, that this Court would have enforced it.

In support of his assertion that at the time he filed his notice of appeal, "the government was not consistently invoking appellate waivers" (Sanders's Reply Br. at 9), Sanders cites but two cases decided around the time this Court should have decided Sanders's appeal in which the government did not invoke the defendants' appeal waivers. This showing is both insufficient and irrelevant. First, it is sheer speculation that the government would not have invoked the appeal waiver in this case in 2008. Two cases certainly do not establish a practice of foregoing enforcement of appeal waivers. And second, the fact of the matter is that the government has sought to enforce the appeal waiver in this matter, thus squarely presenting us with the question of whether it is enforceable.

Sanders also contends that at the time that his appeal would have been decided in the ordinary course of this Court's proceeding, "this Circuit had not yet expanded its

3

general approval of waivers to the broad one-way waiver at issue here." (*Id.*) There is nothing in our case law, including the cases Sanders cites, that suggests this Court only recently has enforced broad appellate waivers. And Sanders recognizes that in *United States v. Corso*, 549 F.3d 921 (3d Cir. 2008), we enforced a broad appeal waiver that was materially indistinguishable from that presented here. Significantly, the appeal in *Corso* was filed on September 28, 2007, approximately two months before Sanders filed his notice of appeal. Accordingly, it cannot be credibly argued that we would not have enforced the appeal waiver in this case because of its breadth. On the contrary, the fact that a challenge to a sentencing guideline calculation did not survive the appeal waiver in *Corso* strongly supports the conclusion that the appeal waiver in this case, which concerns the District Court's exercise of discretion in imposing a sentence at the bottom of an unchallenged guideline calculation, would have been enforced in 2008 just as it is being enforced today.

Moreover, from our review of the record, Sanders's sentencing challenges would not support a finding of a miscarriage of justice. Indeed, "it will be a rare and unusual situation when claims of an unreasonable sentence, standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice." *United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008). Because the claims that Sanders received a procedurally and substantively unreasonable sentence do not involve the "unusual circumstances" that we have held may merit setting aside a valid waiver of appeal to avoid a miscarriage of justice, *see id.*, we will enforce the appellate waiver contained in the plea agreement and will not reach the merits of the appeal.

4

For the foregoing reasons, we will affirm the judgment of the District Court.