**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3078
_____

UNITED STATES OF AMERICA

v.

DORIAN D. STEPHENS, a/k/a DEE,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 3-10-cr-00001-001)
District Judge:  Honorable Kim R. Gibson

Submitted under Third Circuit LAR 34.1(a)
on July 12, 2012

Before:  FUENTES, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: October 16, 2012)

O P I N I O N

**ROTH,** Circuit Judge:

Dorian D. Stephens appeals the judgment of sentence related to his convictions for

distribution and possession of crack cocaine.  Stephens entered a plea agreement in which

1

he waived his right to appeal. We find that this waiver should be enforced here. We will accordingly dismiss this appeal.

## I. BACKGROUND

In transactions occurring in November 2008 and October 2009, Stephens sold a combined total of seventeen grams of crack cocaine to confidential informants working with federal law enforcement officers. In connection with these drug deals, he was ultimately indicted on one count of distribution of five or more grams of crack cocaine and a second count of possession with intent to distribute five or more grams of crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). After his arrest, law enforcement authorities obtained a warrant to search his home, and based on their discovery of two handguns there, he was indicted on a third charge – unlawful possession of a firearm by a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

On January 31, 2011, Stephens entered a plea agreement pursuant to which he would plead guilty to the two drug crimes and the government would drop the felon in possession of a firearm charge. He also agreed to waive his right to appeal his sentence subject to the following exceptions: (1) if the government appealed his sentence, (2) if the sentence exceeded the applicable statutory limits, or (3) if his sentence unreasonably exceeded the range determined to be applicable by the District Court under the United States Sentencing Guidelines.

Stephens' sentencing took place in July 2011. His Presentence Report calculated the Guidelines range for his sentence as 188-235 months imprisonment. Stephens discussed the Fair Sentencing Act of 2010 (FSA) in his Sentencing Memorandum

and asked that it be applied to him.  He did not attempt, however, to make the application, or not, of the FSA to his sentence a grounds for appeal.  Stephens also moved for a downward variance so that he would receive a sentence no greater than 60 months.  While the Court did not grant this request, it did find that a departure from the Guidelines range to a reduced range of 60-120 months was appropriate.  It ultimately sentenced Stephens to 72 months imprisonment for each of the drug crimes, to be served concurrently.  Stephens appeals that sentence.

## II. **DISCUSSION**

Stephens' central argument on appeal is that the District Court erred in imposing his sentence by failing to apply the FSA, which operated to reduce sentences for certain crack cocaine-related offenses. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).  He contends, on the basis of this Court's opinion in *United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011), which was issued subsequent to his sentencing, that the District Court was required to apply the FSA in determining his sentence.  In *Dixon*, we held that the more lenient penalties of the FSA applied retroactively to defendants such as Stephens who were sentenced after that statute's enactment, regardless of when they committed their underlying offenses.[1]  Stephens claims that, had the FSA been applied in his case, as *Dixon* requires, his Guidelines range would have been computed as only 151-188 months.  Of course, the revised range of 60-120 months that the Court employed in sentencing him was wholly below this range.  Stephens

---

[1] This holding has been confirmed by the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. ----, 132 S. Ct. 2321 (2012).

argues, however, that the revised range on which the Court settled might have been even lower had it been operating from the assumption of the lower initial Guidelines range.

We have jurisdiction to review Stephens's sentence based on 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). However, we will not exercise this jurisdiction if we conclude that Stephens knowingly and voluntarily waived his right to appeal his sentence and that the enforcement of that waiver would not work a miscarriage of justice. *United States v. Gwinnet*, 483 F.3d 200, 203 (3d Cir. 2007). As we noted earlier, Stephens waived his right to appeal his sentence in his plea agreement, subject to three exceptions that are inapplicable here. Also, he does not argue in his appellate briefs, and, indeed, concedes in a letter to the Court dated June 28, 2012, written pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, that this waiver was knowing and voluntary.

The only basis to consider Stephens' appeal, then, would be if enforcing his appellate waiver would work a miscarriage of justice. This would be the case if doing so would "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Corso*, 549 F.3d 921, 929 (3d Cir. 2008) (citation and internal quotation marks omitted). "This exception will be applied sparingly and without undue generosity." *United States v. Stabile*, 633 F.3d 219, 247 (3d Cir. 2011) (citation and internal quotation marks omitted). Its application is not warranted here.

Stephens largely argues that his appeal should be heard because sentencing him without reference to the FSA constituted legal error. A waiver of appellate rights, however, necessarily includes the forbearance of appealing even blatant errors. *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). Stephens nevertheless insists

that it would be unjust for the Court not to exercise jurisdiction over his appeal because the government has chosen not to enforce appellate waivers agreed to by certain other criminal defendants who were sentenced after the FSA's passage but not afforded the benefits of that statute's penalty reductions. As we have previously observed, however, the government "may always choose not to invoke an appellate waiver" as a matter of discretion. *United States v. Goodson*, 544 F.3d 529, 535 (3d Cir. 2008). In relation to a defendant who files an appeal in order to obtain the benefit of the application of the FSA, it is possible that the government would decide whether or not to enforce a waiver based on the facts of the underlying crime, the sentence already imposed, the potential impact of resentencing, and other mitigating and exacerbating factors. The fact that the government has exercised its discretion in favor of certain defendants does not compel it to do so for all and does not render its decision to enforce Stephens' waiver a miscarriage of justice.

Finally, Stephens argues that enforcement of his appellate waiver would work a miscarriage of justice because the waiver was the result of ineffective assistance of counsel. We generally defer resolution of stand-alone claims of ineffective assistance of counsel to collateral proceedings rather than address them on direct appeal. *See, e.g., United States v. Sandini*, 888 F.2d 300, 312 (3d Cir. 1989). We will so defer here.

### III. CONCLUSION

For the reasons explained above, we will dismiss this appeal for lack of jurisdiction.