**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1359
_____

UNITED STATES OF AMERICA

v.

ISMAIL OYERINDE,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cr-00514-001)
District Judge: Hon. Gerald J. Pappert
_____

Submitted under Third Circuit L.A.R. 34.1(a)
August 19, 2019
_____

Before: SHWARTZ, FISHER, and FUENTES, *Circuit Judges*.

(Opinion filed: August 19, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Defendant Ismail Oyerinde appeals from the District Court's order denying his motion for early termination of supervised release. For the following reasons, we will grant the Government's motion to enforce the appellate waiver in Defendant's plea agreement.

**I.**

**A. The Written Plea Agreement and Sentencing**

On September 26, 2011, pursuant to a written plea agreement, Defendant pled guilty to an Information charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. As relevant here, the plea agreement includes a broad appellate waiver provision stating that

> the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.[1]

In addition to signing the plea agreement, Defendant also signed an acknowledgement of rights form. Among other things, he acknowledged: "I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement."[2]

---

[1] Attachment 1 pg. 4. The plea agreement also provides limited exceptions to the appellate waiver provision. The enumerated exceptions are not implicated in this appeal.
[2] Attachment 1 pg. 8.

2

At the change of plea hearing, the District Judge explained the plea agreement to Defendant. As required by Federal Rule of Criminal Procedure 11(b)(1)(N), the District Judge asked Defendant whether he understood that he had given up his right to appeal. The following exchange occurred between the District Judge and Defendant:

> THE COURT: Okay. Essentially in this agreement you have given up your right to appeal. So if I impose a sentence that you're not happy with, you've basically given up your right to appeal.
>
> Unless I sentence you above the maximum, which would be 30 years, which I will not do, or I sentence you above the guidelines which is very unlikely, or if the government appeals, which they almost never do, so for all practical purposes you have given [up] your right to appeal. Do you understand that?
>
> THE DEFENDANT: I understand, sir.[3]

The District Judge found that Defendant understood the plea agreement and voluntarily signed the agreement, pointing out that Defendant "d[id] so with the benefit of the advice of counsel."[4] The District Judge also found that Defendant knowingly and voluntarily pled guilty. The District Judge ultimately accepted the plea.

Thereafter, on February 16, 2012, the District Judge sentenced Defendant to 42 months' imprisonment to be followed by five years' supervised release.

## B. Defendant's Pro Se Appeal of his Sentence

Defendant filed a pro se notice of appeal on March 1, 2012.[5] After appointing counsel, we issued an order granting the Government's motion to enforce appellate

---

[3] *Id.* at pg. 22.
[4] *Id.* at pg. 37.
[5] On that same date, Defendant also filed a pro se motion for reconsideration of sentence before the Court. The Court denied the motion without prejudice on March 6, 2012.

waiver and for summary affirmance, and denying Defendant's motion for appointment of new counsel.

### C. Defendant's Motion for Early Termination of Supervised Release

On August 27, 2014, Defendant was released upon completing his term of imprisonment and began his five-year period of supervised release. Nearly four years into his five-year period of supervised release, on August 13, 2018, Defendant, who was represented by counsel, filed a motion for early termination of supervised release. The District Court denied the motion by order. Defendant now appeals that decision.

**II.**[6]

Before our Court, the Government moved to enforce Defendant's appellate waiver. For the following reasons, we agree with the Government and conclude that the waiver before us bars this appeal.

It is well-established that "[w]e will enforce an appellate waiver in a plea agreement and decline to review the merits of [a defendant]'s appeal only 'if we conclude (1) that the issues [a defendant] pursues on appeal fall within the scope of his appellate

---

Thereafter, while his appeal was pending, on March 13, 2012, Defendant filed another motion before the Court. Treating the motion as a motion to withdraw a guilty plea, the Court denied the motion on the grounds that (1) the motion was untimely, and (2) even if timely, it was meritless.

[6] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. Our Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "We exercise plenary review in deciding whether an issue raised by a defendant falls within the scope of an appellate waiver in his plea agreement." *United States v. Goodson*, 544 F.3d 529, 537, n.6 (3d Cir. 2008).

4

waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice.'"[7]

Here, Defendant does not dispute that his waiver of appeal was knowing and voluntary. Rather, he asserts that the instant appeal falls outside of the waiver and therefore, the waiver is inapplicable. To reiterate, in the plea agreement, Defendant waived "all rights to appeal or collaterally attack . . . [his] sentence, or any other matter relating to this prosecution."[8]

Before our Court, Defendant argues that the appellate waiver does not apply because he "challenge[s] only the legal standard applied [by the District Court] in denying his later-filed motion to terminate supervision, which relies on [post-sentence] factual developments."[9] "The key to the appeal being permissible here," says Defendant, "is that it relies on new, post-judgment facts."[10] We are unpersuaded by Defendant's attempt to frame his claims in such a way as to avoid application of the appellate waiver provision.

At its core, Defendant's motion for early termination of supervised release challenged his original sentence by seeking to shorten the term of his supervised release.[11] Contrary to Defendant's characterization of his appellate claim as a question of

---

[7] *United States v. Damon*, No. 18-2444, 2019 WL 3559045, at *2 (3d Cir. Aug. 6, 2019) (third bracket altered) (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)).
[8] Attachment 1 pg. 4.
[9] Def. Br. 7.
[10] *Id.* at 11.
[11] *See Damon*, 2019 WL 3559045, at *3-4.

law, and regardless of the chronological posture of the facts that Defendant relied on in support of his motion, Defendant's appeal from the denial of the motion for early termination of supervised release likewise implicates his sentence. We will therefore grant the Government's motion to enforce the appellate waiver[12] because Defendant's challenge to his supervised release term falls within the scope of the appellate waiver. For the foregoing reasons, we will grant the Government's motion, enforce the appellate waiver, and summarily affirm.

---

[12] The Government's decision not to invoke the waiver before the District Court could be explained by a view that the Government decided that the best way to proceed before the District Court was to address the merits. This, however, should not preclude them from relying on the appellate waiver to bar further review. *Cf. United States v. Goodson*, 544 F.3d 529, 535 & n.4 (3d Cir. 2008) (acknowledging that "the [G]overnment may always choose not to invoke the appellate waiver").

In any event, if we were to reach the merits of Defendant's appeal, we would nonetheless affirm because the District Court considered the appropriate sentencing factors set forth in 18 U.S.C. § 3553(a), provided a sufficient explanation for its decision, and did not abuse its discretion in denying Defendant's motion for early termination of supervised release.