**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-3101

———————

UNITED STATES OF AMERICA

v.

DAMONE D. OAKLEY, a/k/a Alex Logan, a/k/a Officer Alex Logan, a/k/a Officer
Victor Creed, a/k/a Officer Stan Valentine, a/k/a Dee Dimes,

Appellant.

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3:21-cr-00179-001)
District Judge: Honorable Robert D. Mariani

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 24, 2025

Before: HARDIMAN, AMBRO, and SMITH, <u>Circuit Judges</u>

(Opinion filed January 28, 2025)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

Defendant-appellant Damone Oakley pled guilty to mail and wire fraud. A federal criminal statute provides for enhanced penalties for certain defendants, like Oakley, whose scams target people over age 55 and victimize 10 or more people in that age range. *See* 18 U.S.C. § 2326. Oakley's plea agreement stipulated that § 2326 would allow the District Court to impose a sentence of up to 10 additional years for his mail- and wire-fraud offenses. He also waived his appellate rights in that agreement. The District Court imposed a 192-month sentence: 96 months for the fraud counts and an additional 96 months under § 2326. Oakley appeals that sentence. We affirm based on the valid waiver of his appellate rights in the plea agreement.

## I.

We write exclusively for the parties, who are familiar with this case, so we note only the facts needed for our analysis. In July 2023, Oakley pled guilty to two counts of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of wire fraud, in violation of 18 U.S.C. § 1343. The plea agreement contained a comprehensive waiver of his appellate rights:

> The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional[.]

App. 56–57 (Plea Agreement ¶ 32). The agreement also explained that

2

because [Oakley's] offenses constitute telemarketing or email marketing, as defined in Title 18, United States Code, § 2325, . . . pursuant to Title 18, United States Code, § 2326, the Court may impose an additional term of imprisonment of up to ten years because the offenses targeted persons over the age of 55 and victimized ten or more persons over the age of 55.

App. 52 (Plea Agreement ¶ 26). As noted, the District Court imposed 96 months for the fraud counts, the top of the Guideline range, and an additional 96 months under § 2326.

## II.

A motions panel of our Court denied without explanation the Government's motion for summary affirmance based on the appellate waiver in the plea agreement. Oakley mistakenly argues that we are bound by the motions panel's order declining to take summary action. That order said nothing about the merits of the motion. *See* I.O.P. 10.6 (providing that we "*may* take summary action . . . if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action" (emphasis added)); *see also Ass'n of N.J. Rifle & Pistol Clubs Inc. v. Att'y Gen. N.J.*, 974 F.3d 237, 247 (3d Cir. 2020) ("[A] decision of a motions panel declining to affirm is not the same as a determination that there is a substantial question left in the case. It often means nothing more than that the presentation made by motion has left that particular motions panel wondering whether there is a substantial question."), *cert. granted, judgment vacated on other grounds sub nom. Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Bruck*, 142 S. Ct. 2894 (2022).

We enforce a valid waiver if: "(1) the issues raised fall within the scope of the appellate waiver; and (2) [the defendant] knowingly and voluntarily agreed to the appellate waiver; unless (3) enforcing the waiver would work a miscarriage of justice."

3

*United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014) (internal quotation marks and citation omitted).

To the extent Oakley makes an argument under the first factor, he seems to contend that § 2326 is not covered by the waiver provision because it does not explicitly reference the statute.[1]  But the comprehensive waiver "includes any and all possible grounds for appeal," App. 56–57 (Plea Agreement ¶ 32), so this argument is unavailing.

As for the second factor, Oakley acknowledges that the District Court complied with Federal Rule of Criminal Procedure 11 during the plea hearing.  But he still contends that the waiver was not knowing because he did not know how the District Court would apply § 2326.  This contention is unpersuasive because the plea agreement specifically discusses the possibility of "an additional term of imprisonment of up to ten years" under § 2326.  App. 52 (Plea Agreement ¶ 26).  Moreover, the prosecutor explained at the plea hearing that § 2326 "would allow the Court to impose up to an additional 10-year sentence," App. 67, and upon being asked by the District Court, Oakley said that he understood the prosecutor.  Additionally, the District Court confirmed that Oakley "knowingly waiv[ed] [his] right to appeal" both his conviction and sentence. App. 68.

For the third factor, only "unusual circumstance[s]" give rise to a miscarriage of justice, *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001), and we consider

---

[1] The briefing could alternatively be read to argue, under the second factor, that the waiver was not knowing with respect to § 2326.  That argument fails for the reasons discussed in the next paragraph.

"[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)).

Oakley uses Tenth Circuit precedent to argue that the enhanced penalties from § 2326 are at least partly incorporated into the Sentencing Guidelines. *See United States v. Smith*, 133 F.3d 737, 749–50 (10th Cir. 1997) ("To the extent the [§ 2326] upward departure is based on the number of victims, it is not supported by an aspect of the offense sufficiently distinct from that supporting the multiple victim enhancement."). But this is an issue on which the Third Circuit has not spoken. Even assuming for the sake of argument that the District Court double-counted the penalties and therefore erred, one out-of-circuit case does not persuasively establish the clarity or gravity of the error under *Khattak*. Furthermore, by stipulating in the plea agreement that "pursuant to Title 18, United States Code, § 2326, the Court may impose an additional term of imprisonment of up to ten years," Oakley acquiesced in the result. App. 52 (Plea Agreement ¶ 26).

Oakley next contends that the District Court erred by concluding that § 2326 "require[s] a *mandatory consecutive Guidelines* sentence, effectively doubling Mr. Oakley's Guidelines range." Oakley Opening Br. 25 (emphasis in original). The Government agrees that § 2326 does not require a doubling of the Guidelines sentence, but correctly points out that the District Court did not interpret the statute that way. It

5

stated that it is "required to consider and implement the provisions of [§] 2326," App. 134, and that the statute requires "an additional enhancement" to the sentence "to run in addition to any term of imprisonment imposed for the underlying offense," App. 136. But nowhere did the Court conclude that the statute mandates a particular length for the consecutive sentence. Indeed, in his reply brief, Oakley contends merely that "the District Court *may have* interpreted § 2326(2) as requiring a mandatory consecutive Guidelines range sentence." Oakley Reply Br. 12 (emphasis added). If it is ambiguous whether the error occurred at all, he fails to establish that the purported error was clear or grave. In short, we find no unusual circumstances giving rise to a miscarriage of justice relating to his § 2326 contentions.

The rest of the issues Oakley raises—(1) whether the District Court sufficiently explained how it arrived at the sentence; (2) whether the sentencing record was sufficiently developed; and (3) whether the sentence was substantively unreasonable— are more ordinary sentencing objections. They are "the very sort of claim[s]" that appellate waivers are meant to prevent, *United States v. Corso*, 549 F.3d 921, 931 (3d Cir. 2008) (internal quotation marks and citation omitted), and thus present no unusual circumstances giving rise to a miscarriage of justice.

\*    \*    \*    \*

For these reasons, we enforce the appellate waiver in Oakley's plea agreement and affirm the District Court's judgment.

6