**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2461

_____

UNITED STATES OF AMERICA

v.

LEEVANDER WADE,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cr-00703-002)
District Judge: Honorable Michael E. Farbiarz

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 6, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*

(Filed: June 9, 2025)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

LeeVander Wade was charged with racketeering conspiracy for his role in helping the

Bloods gang deal drugs and kill three people. He was also charged with a dozen related

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

crimes, but those charges were dismissed by the Government when he pleaded guilty to racketeering conspiracy. Though his Guidelines sentencing range was life in prison, the plea agreement called for 33 to 38 years. The District Court sentenced him to about 36 and a half years. Wade appealed. Now, his lawyer has asked to withdraw because there are no non-frivolous issues for appeal. We agree and affirm.

In ruling on an *Anders* motion, we ask two questions. First, we decide whether Wade's attorney "thoroughly examined the record in search of appealable issues" and explained "why the issues are frivolous." *United States v. Brookins*, 132 F.4th 659, 666 (3d Cir. 2025). He has. His facially adequate brief reflects a thorough review of the record, identifies several issues, and explains that they would be frivolous on appeal. *See United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). The government points out that the District Court erred because it "did not personally discuss the appellate waiver" with Wade, instead delegating that task to the prosecutor. *United States v. Corso*, 549 F.3d 921, 929 (3d Cir. 2008) (discussing Fed. R. Crim. P. 11(b)(1)(N)). In a supplemental brief, Wade's lawyer explains that this issue would be reviewed only for plain error and thus would fail on appeal.

Second, we ask whether there are any non-frivolous issues on our review of the record. *Langley*, 52 F.4th at 569. We agree with counsel that there are none. For one, the Rule 11 mistake did not affect Wade's substantial rights. *See Corso*, 549 F.3d at 929–30. In open court, at the District Court's instruction, Wade discussed the waiver extensively with the prosecutor and confirmed that he understood the consequences of his plea. For another, we are sure that the plea hearing was fair. *Id.* at 931–32. Plus, Wade's sentence fell within the

stipulated range and below the Guidelines range, and we perceive no sentencing errors. So he has no legitimate arguments to attack the plea, the appellate waiver, or his sentence. Even if the appellate waiver is invalid, his appeal would be frivolous.

For these reasons, we will grant the motion to withdraw and affirm the District Court's judgment.