OPINION OF THE COURT
SCIRICA, Chief Judge.
William H. West pleaded guilty to receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Prior to pleading guilty, West entered into a written plea agreement with the prosecution, waiving his rights to appeal, with limited exceptions.[1] *136 He contends the waiver of appellate rights does not prevent this appeal because (1) it does not fall within the scope of the waiver; (2) the waiver was not knowing and voluntary due to an insufficient plea colloquy; and (3) enforcing the waiver would be a miscarriage of justice. We conclude the waiver bars this appeal.
West claims his appeal is not within the scope of the waiver, contending his objection to the calculation of the guidelines range is equivalent to an objection that the District Court unreasonably exceeded the proper guidelines range. The waiver, however, only allows appeal of a sentence that “unreasonably exceeds the guideline range determined by the [District] Court.” West was sentenced within the guideline range determined by the District Court. This issue is barred by the waiver. See United States v. Corso, 549 F.3d 921, 924, 927-28 (3d Cir.2008) (rejecting the same argument). West also contends the condition of supervised release prohibiting his possession of sexually explicit materials is outside the scope of the waiver. He claims it is equivalent to an unreasonable upward departure from the guidelines because it is not among the mandatory or discretionary conditions of supervised release set forth in the United States Code. We rejected a similar argument in United States v. Goodson, 544 F.3d 529, 537 & n. 7 (3d Cir.2008). Accordingly, West’s appeal is included within the scope of his waiver, and the appeal is barred if the waiver was knowing and voluntary and not a miscarriage of justice. See United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001).
West contends his waiver was not knowing and voluntary because his plea colloquy was inadequate. Under Federal Rule of Criminal Procedure ll(b)(l)(N), “[b]efore the court accepts a plea of guilty ... the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following: ... (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.” Because West did not object in the trial court, we review for plain error, and may consult the entire record. Goodson, 544 F.3d at 539. Plain error requires (1) error, (2) that is obvious, and (3) that affects a defendant’s substantial rights. Id. If the defendant shows these three conditions are met, the appellate court may exercise its discretion to notice a forfeited error, but only if (4) “the error seriously affeet[s] the fairness, integrity, or public reputation of judicial proceedings.” Id. (quoting Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). West bears the burden to prove plain error. Id.
In this case, the District Court deferred to the prosecutor to describe the plea agreement. The prosecutor noted the existence of the waiver and noted there were exceptions, without describing the terms. The court did not supplement this description, which was error as in United *137 States v. Corso, 549 F.3d at 929.[2] But West has not shown his substantial rights were affected.[3] See Goodson, 544 F.3d at 539 — 40; Corso, 549 F.3d at 927-31. Even if they were, “we are authorized to correct only particularly egregious errors on plain-error review.” Corso, 549 F.3d at 931 (internal quotation marks omitted). The colloquy conducted by the District Court did not “seriously affect[] the fairness, integrity, or public reputation of the judicial proceedings.” Id.
Additionally, West contends the waiver of his appellate rights is a miscarriage of justice because his counsel was ineffective. There was some confusion during the plea colloquy about the applicable guidelines range. There was no prejudice to West, however, because the District Court’s colloquy made clear that five years was the mandatory minimum and the sentencing guidelines could call for a longer sentence. West expressed his understanding, on the record, of the mandatory minimum and the possibility of a longer sentence. West also contends the government regularly recommends a three-level sentence reduction when defendants accept responsibility, and therefore, he might not have needed to enter the plea agreement to have the prosecution recommend a sentence-level reduction similar to what the plea secured. But the plea agreement secured a recommendation not otherwise guaranteed. West received a benefit for the plea. Enforcing the waiver of appellate rights is certainly not a miscarriage of justice.
West’s waiver of appellate rights was valid. We will affirm the judgment of conviction and sentence. See United States v. Gwinnett, 483 F.3d 200 (3d Cir. 2007).

. Among other provisions, the appellate waiver states:
William H. West waives the right to take a direct appeal from his conviction or sen *136 tence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
(a) If the United States appeals from the sentence, William H. West may take a direct appeal from the sentence.
(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, William H. West may take a direct appeal from the sentence.
The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

. “[NJothing in the plain language of Rule 11(b)(1) permits a district court to delegate its responsibilities to 'inform' and 'determine' to the government; the Rule provides that 'the court must' do both those things.” Corso, 549 F.3d at 929.

. When appealing the sentence and not the conviction, the defendant must show that "the deficient Rule 11 colloquy precluded him from understanding that he had a right to appeal and that he had substantially agreed to give up that right." Goodson, 544 F.3d at 540; Corso, 549 F.3d at 929-30. Here, West had graduated high school, he served in the United States Air Force and Air Reserves, had lived in many different countries all over the world, and had a recent criminal history, including convictions for passing bad checks and theft. West testified he had read the plea agreement, discussed it with his attorney, and understood its terms. Given these factors and his assertions in court, West has not shown that he failed to understand that he had a right to appeal and had agreed to give up the right. See Goodson, 544 F.3d at 539-40.