OPINION OF THE COURT
FISHER, Circuit Judge.
Willie Andrew Hampton pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and the District Court sentenced him to 180 months of imprisonment. On appeal, Hampton challenges the District Court’s credibility determinations and subsequent denial of his motion to suppress, the applicability of an enhanced sentence under the Armed Career Criminal Act, and the constitutionality of 18 U.S.C. § 922(g). For the reasons set forth below, we will affirm.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this ease. Therefore, we will set forth only those facts necessary to our analysis.
The circumstances giving rise to Hampton’s conviction occurred on January 16, 2006, when three Clairton Police Department officers, Officer Sean McGrail, Officer Michael Merlino, and Officer Richard Bonczek, conducted the traffic stop of a rented minivan based on an allegedly inoperable passenger side brake light. Norman Collins was driving the vehicle, and Hampton was a passenger. During the stop, the officers, discovering that neither the driver nor Hampton had a valid driver’s license, decided to impound the minivan. Officer McGrail asked Collins to step out of the vehicle, while Officers Merlino and Bonczek explicitly instructed Hampton to remain inside the minivan. Hampton refused to do so, and a struggle ensued. During the scuffle, one of the officers felt a gun and notified his colleagues. It took all three officers to finally overcome Hampton. After subduing and securing him, the police found two loaded 9mm handguns on Hampton’s person and discovered that Hampton was wearing a bulletproof vest underneath his coat. Hampton was subsequently charged as being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).
Hampton filed a motion to suppress, arguing that the firearms were obtained in violation of his Fourth Amendment rights. At the suppression hearing, Officer McGrail testified that he conducted the traffic stop due to an unlit passenger side brake light and that he communicated the problem to Collins. (App. at 76-77.) He also explained why he did not relay the problem in his radio transmission: “It’s a practice of mine [that] I never broadcast the reason for my traffic stops.” (App. at 91.) Gary W. McDonough, a co-owner of the rental service that rented the minivan, testified that the minivan’s brake lights appeared to be working both before and after the incident, but conceded that it was possible for a loose wire to cause the light to operate intermittently. (App. at 109-11, 140.) At a second suppression hearing,[1] Collins testified that the police did not demonstrate to him that the brake light was inoperable (App. at 177), while Officer McGrail reiterated his testimony that he informed Collins of the unlit brake light. (App. at 215-16.) The District Court, finding Officer McGrail’s testimony credible *726 and Collins’ testimony not credible, denied the motion to suppress. (App. at 7, 9.)
Hampton eventually pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Plea Agreement contained an express waiver of Hampton’s appellate rights, with several discrete exceptions:
“Willie Andrew Hampton waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
(a) If the United States appeals from the sentence, Willie Andrew Hampton may take a direct appeal from the sentence.
(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Willie Andrew Hampton may take a direct appeal from the sentence.
(c) As a condition of his guilty plea, Willie Andrew Hampton may take a direct appeal from his conviction limited to the following two issues: (1) whether 18 U.S.C. § 922(g) is unconstitutional under the Commerce Clause, either on its face or as applied in this case; and (2) whether the traffic stop violated the defendant’s Fourth Amendment rights....
The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.”
(App. at 280-81, ¶ 9.) At the plea hearing, Hampton stated that he understood that the judge had yet to calculate his sentence, which could be more or less severe than the sentencing guideline range. (App. at 260-61.) Thereafter, the Government repeated the Plea Agreement, including the appellate waiver, in open court. (App. at 261-63.)
The Presentence Investigation Report classified Hampton as an armed career criminal under § 924(e) due to his three prior serious drug offense convictions. Hampton’s final offense level of 31 and criminal history category of IV, combined with the 15-year statutory minimum pursuant to § 924(e), yielded a sentencing guideline range of 180 to 188 months of imprisonment. The District Court sentenced Hampton to 180 months of imprisonment, and Hampton filed a timely appeal.
II.
The District Court had jurisdiction by virtue of 18 U.S.C. § 3231, and we have jurisdiction to review the District Court’s judgment of sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. ‘We review a District Court’s denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review over the District Court’s application of the law to those facts.” United States v. Lockett, 406 F.3d 207, 211 (3d Cir.2005). However, we will not set aside a District Court’s credibility determination when supported by the record. United States v. Kole, 164 F.3d 164, 177 (3d Cir.1998). Although we exercise plenary review over the constitutionality of the application of the Armed Career Criminal Act, United States v. Walker, 473 F.3d 71, 75 (3d Cir. 2007), we must determine as a threshold matter whether Hampton’s appellate waiver prevents us from exercising our jurisdiction to review the merits of Hampton’s appeal, United States v. Corso, 549 F.3d 921, 926 (3d Cir.2008). Finally, we exercise plenary review over the constitutionality of 18 U.S.C. § 922(g)(1). United States v. Singletary, 268 F.3d 196, 198 (3d Cir. 2001).
*727 III.
On appeal, Hampton raises three challenges to his judgment of sentence. First, he argues that the District Court committed clear error by denying Hampton’s motion to suppress. Second, he contends that the District Court violated his Equal Protection rights under the Fifth Amendment by counting his prior convictions as three under the Armed Career Criminal Act. Lastly, he argues that Congress exceeded its power under the Commerce Clause in enacting 18 U.S.C. § 922(g)(1). We will address each contention in turn.
A.
Hampton argues that the District Court committed clear error when it determined that the minivan had an unlit brake light and thus rejected Hampton’s argument that his Fourth Amendment rights were violated. Because the District Court denied Hampton’s motion to suppress' “[bjased on [its] findings regarding the credibility of the witnesses to this incident” (App. at 9), Hampton essentially challenges the District Court’s credibility determinations regarding Officer McGrail and Collins.
It is well settled that where the record supports a district court’s credibility determination, it is not for us to set aside. Kole, 164 F.3d at 177. This is because “[credibility determinations are the unique province of a fact finder.” Id. Here, the District Court chose to believe Officer McGrail’s testimony that the minivan had an unlit passenger side brake light and to disbelieve Collins’ testimony that the police did not demonstrate to him that the brake light was inoperable. Because the record — Officer McGrail’s repeated testimony and McDonough’s testimony that it was possible for the brake light to operate intermittently — supports this determination, we will not set it aside here. Therefore, since an unlit brake light is a violation of 75 Pa. Cons.Stat. § 4303(b) and “any technical violation of a traffic code legitimatizes a stop,” United States v. Mosley, 454 F.3d 249, 252 (3d Cir.2006) (citing Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)), the District Court did not err by rejecting Hampton’s Fourth Amendment claim and denying his motion to suppress.
B.
Hampton also contends that the application of a sentence enhancement under the Armed Career Criminal Act violates the Equal Protection Clause of the Fifth Amendment by treating defendants who are armed career criminals, see 18 U.S.C. § 924(e), U.S.S.G. § 4B1.4, differently from defendants who are unarmed career offenders, see 28 U.S.C. § 994(h), U.S.S.G. §§ 4A1.1, 4A1.2(a)(2), 4B1.1, 4B1.2. (App. at 38.) More specifically, Hampton challenges the fact that the Armed Career Criminal Act counts his prior convictions as three separate convictions, when the same convictions are counted only once under the career offender guidelines. (App. at 38-40.) The Government, contending that Hampton waived this argument in his Plea Agreement, requests that we decline to reach this issue.
We will decline to review the merits of Hampton’s appeal if the issue he pursues falls within the scope of his appellate waiver and if he knowingly and voluntarily agreed to the waiver, unless enforcing the waiver would work a miscarriage of justice. Corso, 549 F.3d at 927. We have stated that “waivers of appeals should be strictly construed,” United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001), and that the “defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary,” *728 United States v. Mabry, 536 F.3d 231, 237 (3d Cir.2008).
Here, we find not only that Hampton waived his Equal Protection claim in his Plea Agreement, but also that his claim is without merit. First, it is clear from the plain language of the waiver, see Section (I), supra, that Hampton’s Equal Protection claim is not one of the specified exceptions: Hampton’s 180-month sentence is below the statutory maximum and within the guideline range, and Hampton’s Equal Protection claim is distinct from the constitutionality of 18 U.S.C. § 922(g) under the Commerce Clause and Hampton’s Fourth Amendment rights.
Second, Hampton has failed to meet his burden of proving that the appellate waiver was not knowing and voluntary. At the plea hearing, the District Court directed Hampton’s attention to the Government’s description of the Plea Agreement, and the Government described the appellate waiver provision. (App. at 261-62.) The Court then asked Hampton whether he still wished to enter a plea of guilty. (App. at 273.) After clarifying a separate issue regarding theft, Hampton signed the Plea Agreement in open court.[2] (App. at 273-76.)
Finally, an examination of the merits of Hampton’s Equal Protection claim demonstrates that enforcement of the appellate waiver will not result in a miscarriage of justice. We have stated that “unless a statute creates a suspect classification or impinges upon a fundamental interest, it will be upheld if the purpose of the classification bears some rational relationship to a legitimate state purpose.” United States v. Hawkins, 811 F.2d 210, 216 (3d Cir.1987). In Hawkins, we declined to question Congress’ finding that most robberies and burglaries are committed by a small number of career criminals. Id. at 216-17. Accordingly, we held that there is a rational basis[3] for distinguishing between three-time robbers/burglars and three-time other-category felons, such as murderers or kidnappers, under the Armed Career Criminal Act. Id. If Congress was rational in enhancing the sentences of robbers/burglars and not murderers and kidnappers, Congress was clearly rational in treating armed career criminals more severely than unarmed career criminals. Therefore, because Hampton’s Equal Protection claim is without merit, enforcement of the appellate waiver will not result in a miscarriage of justice.
C.
Lastly, we turn to Hampton’s argument that Congress exceeded its powers under the Commerce Clause in enacting 18 U.S.C. § 922(g)(1). Hampton recognizes that we examined this precise issue in detail in Singletary and held directly to the contrary. 268 F.3d at 204-05 (holding that “proof ... that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commerce element” of the statute). Since Singletary remains the law of this circuit, precedent prevents us from entertaining Hampton’s argument. See United States v. Coward, 296 F.3d 176, 183 (3d Cir.2002) (rejecting the defendant’s challenge to § 922(g) in light of the binding effect we give to precedential opinions of this court).
*729 IV.
For the foregoing reasons, we will affirm the judgment of the District Court.

. In light of Officer McGrail’s testimony at the original suppression hearing, Hampton filed a motion to reopen the record so that Collins could be called to testify to his knowledge of the brake light’s condition. The District Court granted the request and scheduled a second suppression hearing.

. Even assuming, arguendo, that the waiver was not knowing and voluntary, Hampton’s Equal Protection claim still fails on the merits.

. Hampton concedes that the rational basis standard applies.