OPINION OF THE COURT
FISHER, Circuit Judge.
Douglas William Ray appeals his conviction for conspiracy to distribute and possess with the intent to distribute cocaine base. He argues that the District Court abused its discretion in denying his motion to withdraw his guilty plea. We conclude that Ray executed a valid waiver of his appellate rights that bars this appeal. Accordingly, the District Court’s judgment will be affirmed.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
Ray pled guilty to one count of conspiring to distribute and possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846. His plea agreement contained an appellate waiver provision that stated, in pertinent part, as follows:
Ray waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
(a) If the United States appeals from the sentence, ... Ray may take a direct appeal from the sentence.
(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, ... Ray may take a direct appeal from the sentence.
(Supp.App.2.)
Prior to sentencing, Ray filed a pro se motion asking for new counsel. The District Court granted that motion and appointed new counsel. Ray thereafter filed another pro se motion in which he asked to withdraw his guilty plea. At a hearing on the motion before the District Court, Ray, with his new counsel present, stated that he had been pressured by his former counsel to accept the plea and asserted his innocence. The District Court found that Ray had entered his plea voluntarily and *331 denied his request to withdraw it. The Court sentenced Ray to 120 months in prison. This timely appeal followed.[1]
II.
On appeal, Ray argues that the District Court abused its discretion in denying his request to withdraw his guilty plea.[2] He claims that he is actually innocent of the crime to which he pled guilty and that he can prove as much at trial. Where the government invokes an appellate waiver provision in a plea agreement, we must at the outset determine whether that provision militates against our exercise of jurisdiction over the merits of a defendant’s appeal. See United States v. Goodson, 544 F.3d 529, 533-37 (3d Cir.2008); United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir.2007). We will decline to review the merits of Ray’s appeal if we find “(1) that the issues he pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice.” United States v. Corso, 549 F.3d 921, 927 (3d Cir.2008) (citations omitted).
Turning to the first part of our inquiry, we find that the sweep of Ray’s waiver is quite broad. It allows him to appeal only if the government appeals, if his sentence exceeds the statutory maximum, or if his sentence unreasonably exceeds the guideline range. The parties do not dispute that none of these circumstances is present here. Accordingly, the issue Ray submits for our review in this appeal falls squarely within the waiver’s ambit. See, e.g., id. at 927-28; Goodson, 544 F.3d at 536-37; Gwinnett, 483 F.3d at 204.
We ask next whether Ray’s waiver was knowing and voluntary. In so doing, we must ensure “that the [District [Cjourt informed [Ray] of, and determined that [Ray] understood the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence as Federal Rule of Criminal Procedure ll(b)(l)(N) requires.” United States v. Mabry, 536 F.3d 231, 239 (3d Cir.2008) (internal quotation marks, other alterations, and ellipsis omitted). The parties in this case do not dispute that the District Court did not comply with Rule ll(b)(l)(N). However, because Ray failed to object to the District Court’s Rule 11 violation, he must meet the plain-error standard. See Goodson, 544 F.3d at 539 & n. 9. To that end, he must establish “(1) that there was an error, i.e., a deviation from a legal rule, (2) that the error was ‘plain,’ i.e., clear or obvious, and (3) that the error affected his substantial rights.” Corso, 549 F.3d at 928 (citations omitted). “If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Goodson, 544 F.3d at 539 (quotation marks, alteration, and citation omitted).
Under this Court’s precedents, the District Court’s failure to confirm that Ray understood that he was relinquishing the bulk of his appellate rights clearly constitutes error that is plain. See Corso, 549 F.3d at 929 (“Corso has unquestionably met his burden under the first two prongs of the plain-error analysis.”); Goodson, 544 F.3d at 540 (finding plain error where “there was no effort to verify that Goodson understood the breadth of the waiver or to underscore the fact that the waiver meant that, subject to three very narrow exeep *332 tions, Goodson was giving up the right to appeal both the validity of his plea and the legality of his sentence”). Still, Ray must meet his burden of showing that his substantial rights were affected. To do so, he must demonstrate “a reasonable probability that, but for the error, he would not have entered the plea.” United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). In determining whether Ray has met his burden, we must consider the “whole record.” Goodson, 544 F.3d at 540 (quoting United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002)).
The record reflects that Ray is a high school graduate who has no difficulty understanding and communicating in English. Furthermore, although the District Court did not explicitly advise Ray of the appellate waiver provision, the prosecution recited the terms of the waiver in full during Ray’s plea hearing. The District Court thereafter asked Ray if he understood all of the terms contained in the plea agreement. Ray responded unequivocally in the affirmative. Ray also signed the plea agreement, acknowledging that he had read it, understood it, and discussed it with his counsel. Finally, under questioning by the District Court, Ray stated that he had not been pressured in any way to plead guilty. In light of the entire record, we see no basis on which to conclude that the District Court’s failure to discuss the appellate waiver provision in the plea agreement prevented Ray from understanding that he had a right to appeal and that he was surrendering that right in large part. See, e.g., Goodson, 544 F.3d at 540-41. Accordingly, we conclude that Ray has not met his burden of showing that his substantial rights were affected by the District Court’s failure to inform him of his waiver of his appellate rights and that Ray knowingly and voluntarily waived his right to appeal.
Moreover, Ray has not demonstrated that enforcing the appellate waiver would result in a miscarriage of justice. A miscarriage of justice in the appellate waiver context requires the presence of “unusual eircumstance[s],” United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001), or “particularly egregious errors,” Corso, 549 F.3d at 931 (quotation marks and citation omitted). No such circumstances or errors are attendant here.
Ray’s motion to withdraw his guilty plea is premised on his assertion of innocence. We have explained, however, that “[b]ald assertions of innocence ... are insufficient to permit a defendant to withdraw her guilty plea.” United States v. Brown, 250 F.3d 811, 818 (3d Cir.201) (citation omitted). Instead, “[assertions of innocence must be buttressed by facts in the record that support a claimed defense. In addition to reasserting her innocence, a defendant must give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea.” Id. (internal quotation marks and citations omitted).
The record in this case leaves no room for doubt that Ray fell short of that mark. At the hearing before the District Court on his motion to withdraw his plea, Ray merely stated “yes” when asked whether he was proclaiming his innocence notwithstanding his guilty plea. He also claimed that he had been selling DVDs and CDs instead of drugs, as alleged in the indictment, and indicated that he could call witnesses at trial to substantiate that claim. Significantly, Ray has failed to explain why he took contradictory positions at two different hearings before the District Court.[3] Under these circumstances, his assertion *333 of innocence does not convince us that a miscarriage of justice would result from enforcing his appellate waiver. See, e.g., United States v. Wilson, 429 F.3d 455, 458 (3d Cir.2005); see also Brown, 250 F.3d at 815 (explaining that “[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons” to permit the withdrawal of a guilty plea (quotation marks and citation omitted)).
III.
For the foregoing reasons, we will enforce the appellate waiver in Ray’s plea agreement and affirm the District Court’s judgment.

. After this appeal was docketed, the government moved for summary affirmance on the basis of Ray's appellate waiver. That motion was denied.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28U.S.C. § 1291.

. At the hearing before the District Court on his motion to withdraw his guilty plea, Ray *333 stated that he had accepted the plea because his former counsel "was telling me that I was facing, and everything, I more or less felt like I was trapped into the situation if I didn’t go along with what's going on." (Supp.App.70.) In his opening brief, Ray does not explicitly press this argument, and therefore it is not properly before us. See United States v. Hoffecker, 530 F.3d 137, 162 (3d Cir.2008). Even assuming this argument is not waived, the record simply does not support Ray's allegation of coercion. During his plea colloquy, Ray answered "no” when asked whether anyone had promised him anything in exchange for his guilty plea or in any way induced him to plead guilty. When asked whether his plea was a product of anything other than his own free will and whether anyone had threatened or coerced him or taken away his right to choose to plead guilty, Ray again responded in the negative. These statements, uttered under oath in open court, "carry a strong presumption of verity.” Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Ray's subsequent assertion, at the hearing on his motion to withdraw his plea, that his plea was a result of pressure from his former counsel, is wholly unsupported by the record. The District Court expressly found that Ray’s plea was knowing and voluntary, and we perceive no reason to disturb that finding.