OPINION
COWEN, Circuit Judge.
Darnell Jackson appeals from the judgment of conviction and sentence entered by the United States District Court for the Western District of Pennsylvania. We will affirm.
I.
A federal grand jury returned a superseding indictment charging Jackson and others with conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(l)(A)(i).
The government filed an information pursuant to 21 U.S.C. § 851(a), notifying Jackson of its intention to use one of his prior convictions as a basis to enhance his sentence. Specifically, the government alleged that he had been convicted, on or about April 10, 2006, of felony “Possession with Intent to Deliver a Controlled Substance (i.e., heroin)” in “the Allegheny County (Pennsylvania) Court of Common Pleas.” (A28.) It appears that, under 21 U.S.C. §§ 841 and 846, this prior conviction increased the statutory mandatory minimum term of imprisonment from ten to twenty years.
A plea hearing was then conducted on October 23, 2008. Represented by the Federal Public Defender’s Office, Jackson pled guilty. The District Court specifically addressed the government’s § 851(a) filing and its potential effect on the sentence. It therefore asked Jackson whether he understood “that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack your sentence” and whether he understood “that the minimum penalty to count one is 20 years imprisonment.” (A44.) Jackson personally responded in the affirmative to both questions.
*370 Later in the plea hearing, an exchange occurred between the District Court and the defense counsel regarding the applicable mandatory minimum sentence and the prior Pennsylvania conviction. The defense counsel specifically noted that the minimum penalty if the District Court accepted the § 851(a) information would be twenty years’ imprisonment. On the other hand, the minimum penalty would be only ten years in prison if the District Court did not accept the information. Both the prosecutor and the District Court eventually agreed with the defense counsel’s assessment, and the District Court stated that:
THE COURT: We should have that in the colloquy, then we should have that in there. I’m assuming you’re correct. We’re going to have to redo the colloquy and ask him those questions because it has to be on the record perfectly.
Marshal, you just keep him here. We’ll take a short recess and we’ll correct that.
(A49-A50.)
Following a brief recess, the District Court evidently sought to ask Jackson about the prior Pennsylvania conviction alleged in the § 851(a) information and the possible mandatory minimum sentence:
THE COURT: The government did file a notice with the Court, and in the early part of the colloquy, I did tell him that. Now, he might want to challenge that at the time of sentencing but the minimum sentence is 20 years with the government having notice of that.
MS. LONG [Defense Counsel]: That’s correct. But if the Court has not accepted the conviction as a predicate offense under 851, yes, that would happen at the time of sentencing.
THE COURT: So, the minimum sentence is 20 years. If he wants to challenge that at the time of sentencing, he can. Is that what you’re saying?
MS. LONG: Yes, Your Honor.
THE COURT: Does he understand that? Do you understand that?
MS. LONG: Your Honor, if I could just speak. If Mr. Jackson, were he able to successfully challenge the 851, then the mandatory minimum would drop to 10 years.
THE COURT: I don’t dispute that with you but as long as he understands, the government, having notified the Court of the previous conviction, the minimum is 20 years. Now, if he’s going to challenge that previous conviction; is that what you have in mind?
MS. LONG: That he would — he’s not waiving the right to challenge that previous conviction. If he does successfully challenge it, then the 20-year minimum would not apply. The 10-year minimum would apply.
THE COURT: That’s correct. You understand that?
THE DEFENDANT: Yes, sir.
THE COURT: In other words, is there, as a I understand it, some reason for you to believe that he doesn’t have a previous conviction?
MS. LONG: I’d like to reserve. I don’t want to waive the right to challenge that, Your Honor. Neither does Mr. Jackson at this point. That was all.
THE COURT: Good enough. I think we’re all right then.
(AR50-AR51.)
The Pre-Sentence Report (“PSR”) expressly listed the prior Pennsylvania conviction alleged in the § 851(a) information and noted the applicability of a twenty-year (or 240 months) mandatory term of imprisonment. Jackson filed written objections to the PSR. The District Court then filed its “Tentative Findings and Rulings Concerning Disputed Facts or Factors.” The District Court stated, inter alia, that Jackson was subject to a statute- *371 ry minimum sentence of not less than 240 months or twenty years. Jackson submitted, under seal, a “Memorandum in Mitigation of Sentence.” Among other things, he acknowledged facing “a minimum of 240 months’ imprisonment” and asked for this mandatory minimum sentence. (A71.)
Jackson was sentenced on January 22, 2009. His defense counsel evidently conceded at the hearing that her client was subject to a 240-month mandatory minimum term of imprisonment because of the prior Pennsylvania conviction. She specifically stated that “the conviction that the government has attached to that 851 is a one-time sale of $55 worth of heroin, and that is what is making Mr. Jackson subject to double the mandatory minimum.” (A66.) She then said that “I would just make the argument that I have already submitted to the Court.” (Id.) In the end, the District Court sentenced Jackson to a total term of imprisonment of 240 months. This appeal followed.
II.
Jackson argues that the conviction and sentence must be overturned because the District Court committed plain error by failing to comply with 21 U.S.C. § 851(b) and inquire “whether he affirms or denies that he has been previously convicted as alleged in the information.”[1] According to Jackson, the prior Pennsylvania conviction was obtained in violation of his federal constitutional right to a speedy trial. We nevertheless conclude that the District Court’s judgment must be affirmed under either the invited error or the waiver doctrine. In the alternative, we conclude that Jackson fails to make out a violation of his speedy trial rights, at least for purposes of the plain error standard of review.
§ 851(b) provides that:
If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
It is uncontested that the second prong of this provision was satisfied. Jackson admits that “[t]he court here did advise Mr. Jackson that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack your sentence.” (Appellant’s Br. at 8 (quoting A44, A50-A51).) Under the circumstances, it appears clear that the defense was well aware of the right to challenge the prior Pennsylvania conviction. In fact, the defense counsel made repeated interjections at the plea hearing regarding the prior Pennsylvania conviction and its potential effect on the mandatory minimum sentence. When asked by the District Court whether her client was “going to challenge that previous conviction,” the attorney stated that Jackson was “not waiving the right to challenge that previous conviction.” (A51.) Asked again whether she had “some reason” to believe that her client did not have a previous conviction, she reiterated her wish to reserve on this issue, stating that “I don’t want to waive the right to challenge that” conviction and that Jackson also did not want to do so. (Id.) She then said, “That was all,” meriting the following understandable response from the District Court: “Good enough. I think we’re all right then.” (Id.) Jackson even acknowledges in his appellate brief that he thereby *372 “reserved his right to deny that he had been previously convicted as alleged in the information.” (Appellant’s Br. at 6 (citing A50-A51).) As the government notes in its own brief, the defense counsel’s own repeated statements evidently indicated “that there would be no point in asking Jackson directly” whether he affirmed or denied the prior Pennsylvania conviction alleged in the § 851(a) information. (Ap-pellee’s Br. at 15.)
Defense counsel’s statements at the plea hearing seemed to indicate that she might file a written challenge to the prior Pennsylvania conviction pursuant to 21 U.S.C. § 851(c). But no such challenge was ever filed with the District Court. On the other hand, Jackson failed to attack the existence or constitutionality of the prior Pennsylvania conviction in his written PSR objections. Furthermore, his mitigation memorandum went so far as to ask the District Court to impose the mandatory minimum sentence of 240 months’ imprisonment. As repeatedly emphasized by the defense counsel herself, such a mandatory minimum sentence would apply only if the District Court accepted the government’s § 851(a) information and its allegations of a prior Pennsylvania conviction. Likewise, the defense counsel never disputed the existence or constitutionality of the prior Pennsylvania conviction at the sentencing hearing. She instead conceded that her client was subject to the 240-month mandatory minimum sentence and successfully asked the District Court to impose this sentence.
Given what actually occurred before the District Court, it appears that Jackson’s attempt to use § 851(b) in order to bring a new speedy trial claim must be rejected based on either the invited error or the waiver doctrine. See, e.g., United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (distinguishing between waiver and forfeiture); United States v. Console, 13 F.3d 641, 660 (3d Cir.1993) (invited error doctrine). As the government points out, a defendant is not really in a position to challenge a sentence when the sentencing court gave “him exactly the sentence he wanted.” (Appellee’s Br. at 17.)
Nevertheless, even assuming that the plain error standard of review applies and that the District Court committed an error that was plain, the underlying judgment still must be upheld either because the error failed to affect Jackson’s substantial rights or because he failed to demonstrate a miscarriage of justice. See, e.g., United States v. Thielemann, 575 F.3d 265, 270 n. 9 (3d Cir.2009) (substantial rights requirement); United States v. Corso, 549 F.3d 921, 929 (3d Cir.2008) (miscarriage of justice requirement). Simply put, Jackson does not make out a viable claim that his constitutional right to a speedy trial was violated in connection with his prior Pennsylvania conviction.[2] See, e.g., Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (indicating that courts assess such claims by considering “[ljength of delay, the reason for the delay, the defendant’s assertion of his right, and prejudice to the defendant” (footnote omitted)). Admittedly, the Pennsylvania prosecution did take a rather long time, with the charges being filed in January 2001, and Jackson finally entering his guilty plea in April 2006. However, for a *373 significant portion of this time, Jackson was either free on bond or was a fugitive. He also was a rather uncooperative client. For instance, he refused to communicate fully with his initial counsel and filed disciplinary charges against a subsequent lawyer. Focusing on the time he spent incarcerated after his capture, we note that the prosecution should not be held responsible for the time needed for his new defense counsel to obtain discovery when it is unclear what kind of discovery his counsel expected to receive. Likewise, it appears that the continuance obtained in order to reschedule the case for a jury trial was actually requested by the defense because, among other things, the relevant document was evidently completed and signed by Jackson’s defense attorney and noted that it was the defendant who actually requested the jury trial.
III.
For the foregoing reasons, we will affirm the judgment of the District Court.

. The District Court possessed jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

. Both parties have filed motions to supplement the record with documentation from the Pennsylvania prosecution. Both motions are granted so that we may conduct an informed review of Jackson's speedy trial allegations. As noted above, this additional documentation confirms that his allegations ultimately lack any real merit. We further grant Jackson's motion to seal Volume III of his appendix as well as the government's amended motion to file a sur-reply in opposition to Jackson’s own motion to supplement the record.