**UNITED STATES of America**

v.

**Evrol S. DEAN, Appellant.**

**No. 08–1799.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 11, 2010.

Filed: Jan. 29, 2010.

George S. Leone, Esq., John F. Romano, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Craig S. Leeds, Esq., Fort Lee, NJ, for Appellant.

Before: SCIRICA, Chief Judge, BARRY and SMITH, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

Defendant Evrol S. Dean pleaded guilty to conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951(a)) and to knowingly and wilfully using a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)). He was sentenced to a total of 145 months imprisonment. Dean appeals both his guilty plea and sentence. We will affirm.

## I.

While employed with Dunbar Armored Car, Dean aided two co-conspirators in gaining access to and robbing an armored vehicle he was driving. While Dean and his partner entered a bank in Livingston, New Jersey to pick up a deposit, Dean left one of the vehicle's rear doors unlocked. His co-conspirators, armed with handguns, entered the armored car and hid. When Dean and his partner returned to the vehicle, the coconspirators told Dean to drive away from the bank and ordered his partner not to move. Dean's partner attempted to thwart the robbery by drawing his own weapon and was shot twice. He was saved only by his bullet-proof vest. Police apprehended Dean and his coconspirators after a high-speed chase.

Dean and his co-conspirators were charged in a four count Indictment. Dean was charged in three of those counts: Count One conspiracy to commit armed robbery (18 U.S.C. § 1951(a)); Count Two armed robbery (18 U.S.C. §§ 1951(a) and 1952) and Count Three knowingly and wilfully using a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)).

Dean entered a plea agreement as to Counts One and Three. During the plea proceeding, the Assistant United States Attorney misstated the term of supervised release on Count Three as three years rather than five years. Nonetheless, the plea agreement recited the correct term of supervised release as five years. Responding to the District Court's questions, Dean assured the court that he had discussed the agreement with his attorney. The District Court found Dean's plea knowing, voluntary and intelligent.

At sentencing, the District Court correctly identified the substance of the violations but inadvertently referred to Count Three as Count Two and Count Five. After the clerk alerted the District Court to the error, it noted every reference to Count Five should be changed to Count Three. No correction to the Count Two references was made.

Dean challenges the validity of his sentence, the voluntariness and intelligence of his plea agreement, and the effectiveness of his trial counsel.[1]

## II.

Dean argues the District Court erred by mistakenly referring to Count Three, to which he plead guilty, as Count Five, for which he was not charged. Dean also asserts he was misled about the length of his supervised release. Dean contends these "errors" render his guilty plea constitutionally deficient. We disagree.

A plea agreement is knowing, voluntary and intelligent if the record reveals the defendant was properly advised of his constitutional rights and the charges against him. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274

---

1. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over Dean's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

    We review alleged errors without contemporaneous objection for plain error. *United States v. Lessner*, 498 F.3d 185, 192 (3d Cir. 2007) (citing Fed.R.Crim.P. 52(b) & *United States v. Vonn*, 535 U.S. 55, 58–59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002)). Plain error occurs when (1) an error is committed; (2) that error is plain; and (3) it affected defen-
dant's substantial rights. *Id.* (citing *United States v. Stevens*, 223 F.3d 239, 242 (3d Cir. 2000)). However, we have discretion in deciding whether or not to correct a plain error. *Id.* (citing *United States v. Campbell*, 295 F.3d 398, 404 (3d Cir.2002)). "A court of appeals should exercise its discretion [to correct plain error] only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations and citation omitted).

(1969) (citing *Jackson v. Denno*, 378 U.S. 368, 387, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)).

■ The District Court thoroughly inquired into Dean's understanding of his plea agreement to ensure that he made a knowing, voluntary and intelligent plea. Dean's plea agreement accurately reflects the two charges as the only counts to which Dean would plead guilty. The District Court correctly explained to Dean the charges to which he was to plead guilty. Moreover, the District Court correctly sentenced Dean on the charges described in the plea agreement and at the plea hearing. Therefore, Dean fails to show he did not enter his plea agreement knowingly, voluntarily and intelligently.

■ Second, Dean argues the Government's error in identifying the incorrect supervised release term is cause to vacate and remand. The District Court committed plain error, Dean claims, by failing to correct the Government's misstatement and adopting the Government's assertion that Dean's maximum term of supervised release was three years. Dean claims this misstatement violated Fed.R.Crim.P. 11(b)(1).

To succeed on a Rule 11 claim, a defendant must demonstrate by "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Corso*, 549 F.3d 921, 929 (3d Cir.2008) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). The alleged misstatement did not affect Dean's substantial rights. Dean offers no evidence nor even asserts that had he heard the correct term of supervised release he would not have entered into the plea agreement. Furthermore, Dean's plea agreement correctly states the term of supervised release as five years.

Accordingly, the misstatement did not substantially affect Dean's rights and is not grounds for vacating the plea agreement.

III.

Dean also attacks the procedural and substantive reasonableness of his sentence. Dean contends the District Court failed to properly weigh the 18 U.S.C. § 3553(a) factors. We review a sentence for reasonableness, considering both its procedural and substantive elements. *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

To be procedurally reasonable, a district court must give meaningful consideration to the § 3553(a) factors. *Lessner*, 498 F.3d at 203. As explained in *Rita v. United States*, a district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (citing *United States v. Taylor*, 487 U.S. 326, 336–37, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988)) (internal quotations omitted). The sentencing judge need not explicitly comment on every factor if "the record makes clear the court took the factors into account in sentencing." *United States v. Howe*, 543 F.3d 128, 137 (3d Cir.2008). Furthermore, "a sentencing factor may overlap with a basis for potential Guidelines departure." *Lessner*, 498 F.3d at 203 (citing *United States v. King*, 454 F.3d 187, 194–95 (3d Cir.2006)).

■ The record demonstrates the District Court went to great lengths to explain its sentence in the context of § 3553(a)'s factors. Although noting it was a first event, the court found the offense grave (18 U.S.C. §§ 3553(a)(1) and (2)(A)), that deterrence was important

(§ 3553(a)(2)(B)) and that Dean was more culpable than his co-defendants because he plotted the crime (§§ 3553(a)(3) and (6)). Because the District Court adequately considered the § 3553(a) factors, Dean's sentence is not unreasonable.[2]

Next, Dean contends the District Court's misstatement of the Count numbers, despite correction, renders his sentence improper. Dean provides no support for his argument and we find this position to be without merit. The District Court clearly understood the charges, correctly calculated the applicable Guideline range, analyzed the § 3553(a) factors and reached a reasonable sentence.

## IV.

Finally, Dean claims he received ineffective assistance of counsel during both the pleading and sentencing phases. Generally, the proper avenue for challenging the effectiveness of trial counsel is on collateral review. *United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir.1989), *overruled on other grounds by United States v. Price*, 76 F.3d 526 (3d Cir.1996). Therefore, we do not address this issue on direct appeal.

## V.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

2. Dean also argues the District Court did not adequately consider his diminished mental capacity. However, the record illustrates the District Court considered and rejected Dean's argument pertaining to his low IQ.

We note the District Court's consideration of Dean's diminished mental capacity within the § 3553(a) factors, as opposed to within the Guidelines calculation as a departure, is consistent with our opinion in *King*, 454 F.3d at 196. Similarly, the District Court would have denied Dean's motion for downward departure under § 5K2.13 of the Guidelines. In contrast to *United States v. Lofink*, 564 F.3d 232, 240–41 (3d Cir.2009), the District Court did not refuse to hear Dean's departure motion in calculating the Guidelines and it is clear the District Court denied Dean's motion under its discretionary authority.