**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2587

———————

UNITED STATES OF AMERICA

v.

JAMES GALLAWAY,
                                        Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 08-cr-00188-001)
District Judge:  Honorable Robert B. Kugler

———————

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2010

———————

Before: BARRY, ROTH, <u>Circuit Judges</u> and DALZELL,<sup>*</sup> <u>District Judge</u>

(Opinion Filed: June 16, 2010)

———————

OPINION

———————

———————

<sup>*</sup> Honorable Stewart Dalzell, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

BARRY, Circuit Judge

James Gallaway pled guilty to being a felon in possession of a firearm, and was sentenced to 90 months imprisonment. We will affirm.

**I.**

Because we write solely for the parties, we discuss only those facts relevant to our analysis.

At approximately 1 a.m. on November 26, 2007, Galloway Township, New Jersey, police officers Ryan Goehringer and Patrick Neal were dispatched to investigate a driver who had apparently passed out while seated in a pickup truck at an intersection. Goehringer watched as the vehicle remained motionless for two traffic light cycles. He then approached the vehicle, and saw Gallaway asleep behind the wheel. Goehringer woke Gallaway by shining his flashlight in Gallaway's face and then by knocking on the window. When Gallaway opened the driver-side door, Goehringer smelled burnt marijuana.

While Goehringer was administering field sobriety tests – all of which Gallaway passed – Neal arrived. Standing at the driver-side door, Neal also smelled burnt marijuana and, indeed, found marijuana when he searched the vehicle's interior. Gallaway was arrested and searched. The search revealed: (1) six decks of heroin that were, according to Goehringer, consistent with packaging for distribution; (2) approximately $1,300 cash in various denominations; and (3) a loaded gun.

According to Goehringer, Gallaway was read and waived his Miranda rights at the scene. Gallaway allegedly told Goehringer "that I already had a lawyer and I told him my attorney's name and that I was fighting a case in Atlantic County." (A20.) Goehringer testified that other than one question asked at the scene about why Gallaway had a gun, there was "no further conversation until we got to the" station house. (A113.) At the station house, Gallaway was again read and concedes that he waived his Miranda rights and admitted that he does not use heroin, "[he] just hustles it." (A57.)

The grand jury returned a one count indictment charging Gallaway with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2. Gallaway moved to suppress the physical evidence and his post-arrest statements and, following a hearing, that motion was denied. Soon thereafter, Gallaway sent a hand-written letter to the District Court stating that he "would like to 'ple[ad] guilty' for my actions concerning my gun charge. . . . I'm taking full responsibility [for] my actions [be]cause I was in the wrong for having the gun." (A31.) On November 21, 2008, without benefit of a plea agreement, he pled guilty to the one count indictment.

At sentencing, the District Court increased the offense level by four levels pursuant to U.S.S.G. 2K2.1(b)(6) because Gallaway possessed a gun in connection with another felony offense. The Court also treated three state-court convictions arising from offenses committed on three different days separately in arriving at Gallaway's criminal history score. The Court overruled Gallaway's objections and set his Guideline range at

110 to 120 months, thereafter varying downward and imposing a sentence of 90 months imprisonment.[1]

**II.**

Gallaway seeks to challenge the denial of his motion to suppress. When a defendant has unconditionally pled guilty, however, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Gallaway seeks to avoid *Tollett*'s implications by claiming, for the first time on appeal, that, because the District Court did not unequivocally inform him that his unconditional plea waived his ability to challenge the denial of his suppression motion, his plea was not knowing, voluntary, and intelligent.

Where a defendant challenges the validity of his guilty plea for the first time on appeal, he must show plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Plain error requires that: (1) there was error; (2) the error was plain or obvious; and (3) the error affected substantial rights. *Id.* If all three conditions are met, we may exercise our discretion to correct the error only if (4) "'a miscarriage of justice would otherwise result.'" *United States v. Corso*, 549 F.3d 921, 929 (3d Cir. 2008) (quotation omitted).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In the context of plain error under Rule 11, to satisfy the third prong – that the error affected substantial rights – the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Assuming *arguendo* that there was "error" and that it was "plain," Gallaway cannot make that showing.

At the plea hearing, defense counsel stated that Gallaway did "not wish to go to trial and risk getting superseded and additional enhancements," (A212), and Gallaway agreed. (A214.) Had Gallaway not pled guilty, the government anticipated charging him with possession with intent to distribute heroin and carrying a firearm during and in relation to a drug trafficking offense. Convictions on those additional offenses would have made Gallaway a career offender and exposed him to a Guideline range of 282 to 387 months imprisonment, instead of the ten-year maximum sentence he faced on the felon in possession charge. By pleading guilty, Gallaway also maintained his eligibility for a three-level reduction in his offense level. *See* U.S.S.G. § 3E1.1.

Gallaway asked to plead guilty and admitted both his desire to plead guilty and his criminal conduct. He points to nothing that suggests that he would not have pled guilty had the District Court unequivocally stated that his right to appeal the suppression rulings was foreclosed. Because he has not shown that error, if error there be, affected his

substantial rights, much less that a miscarriage of justice would result were the error not corrected, we do not reach the merits of the denial of his motion to suppress.[2]

**III.**

Gallaway also raises two challenges to his sentencing, both without merit. He contends, first, that the District Court erred by applying a four-level increase to his offense level based on his possession of a gun "in connection with" another felony offense. *See* U.S.S.G. § 2K2.1(b)(6). In *United States v. Loney*, 219 F.3d 281 (3d Cir. 2000), we held that "when a defendant has a loaded gun on his person while caught in the midst of a crime that involves in-person transactions, whether involving drugs or not, a district judge can reasonably infer that there is a relationship between the gun and the offense." *Id.* at 288. The Court correctly found that it was reasonable to infer from the presence of $1,300 cash and a distributable amount of heroin that Gallaway possessed the loaded gun "in connection with" his possession of heroin.

Gallaway argues, second, that three of his prior state sentences were functionally consolidated and should have been treated as a single sentence in applying U.S.S.G. § 4A1.1(a). This argument fails as well. In computing a defendant's criminal history, the Guidelines require a district court to "[a]dd 3 points for each prior sentence of

---

[2] Gallaway implies, but does not argue, that his trial counsel was ineffective. *See United States v. Shedrick*, 493 F.3d 292, 298 n.6 (3d Cir. 2007) (noting that ineffective assistance of counsel may qualify as miscarriage of justice) (collecting cases). We generally do not entertain claims of ineffective assistance of counsel on direct appeal. *United States kv. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). To the extent any such claim has been raised, we decline to entertain it at this juncture.

imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). A "prior sentence" is "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The Guidelines instruct that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). The convictions giving rise to Gallaway's prior sentences were unquestionably for offenses separated by intervening arrests.

## IV.

For the reasons stated above, we will affirm the judgment of sentence.