NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4031
_____

UNITED STATES OF AMERICA

v.

JOSE LUCIANO-GUILLOTI,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-09-cr-00758-002)
District Judge:  Honorable James Knoll Gardner
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2013

Before:   JORDAN, GREENBERG and NYGAARD, *Circuit Judges*.

(Filed: April 26, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Jose Luciano-Guilloti appeals a judgment of the United States District Court for

the Eastern District of Pennsylvania sentencing him on drug charges to 200 months'

imprisonment and 96 months' supervised release.  For the reasons that follow, we will

affirm.

## I.    Background

This case arises from Luciano-Guilloti's attempt, along with two co-conspirators, to import cocaine.  On November 3, 2009, United States postal inspectors intercepted a suspicious package that had been mailed from Puerto Rico.  They obtained a search warrant and opened the package, within which was approximately one kilogram of cocaine packed in a computer speaker box.  On the same day, two men were observed loitering around the package's delivery address.  The postal inspectors conducted a controlled delivery of the package on November 4, after replacing all but a small amount of cocaine with a sham substance, lacing the package with a fluorescent powder, and installing a GPS device that would provide authorities with the package's location and alert them when the package was opened.  After delivery, two men (the same, it seems, who were loitering) drove the package to Luciano-Guilloti's residence.

The GPS device activated as expected when the package was opened, and law enforcement agents entered the residence as Luciano-Guilloti and his co-conspirators were fleeing through a balcony door.  All three had evidence of the fluorescent powder from the package on their hands.  The agents also found pieces of the package's packing material throughout the apartment, and the sham cocaine was located under the bathroom sink.

Luciano-Guilloti was charged with conspiracy to possess with intent to distribute 500 grams or more of cocaine and attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, as well as aiding and abetting the attempted possession with intent to distribute 500

2

grams or more of cocaine, in violation of 18 U.S.C. § 2. He entered into a written plea agreement with the government pursuant to which he committed to plead guilty to all counts.

As part of that agreement, Luciano-Guilloti agreed to waive his right to appeal except under prescribed circumstances. Specifically, the plea agreement allows him to appeal if: (1) he has constitutional claims that cannot be waived; (2) his sentence exceeds the statutory maximum; (3) there has been an erroneous upward departure from the United States Sentencing Guidelines; or (4) his sentence is unreasonably above the guidelines range imposed pursuant to the District Court's discretion under *United States v. Booker*, 543 U.S. 220 (2005).

At sentencing, the District Court adopted the guidelines calculation provided in a presentence report ("PSR"), which concluded that Luciano-Guilloti had an offense level of 34 and a criminal history category of VI. That calculation included an enhancement of the offense level and a mandatory criminal history category of VI because Luciano-Guilloti met the requirements for a career offender under U.S.S.G. § 4B1.1. The resulting guidelines range was 262 to 327 months' imprisonment.[1] Luciano-Guilloti conceded the accuracy of the PSR, including the guidelines calculation and his status as a career offender. But he sought a downward variance based upon his cooperation with the government, allegedly mitigating aspects of his past crimes, and the disrupting effect his

---

[1] Because the offense involved 500 grams or more, but less than five kilograms, of cocaine, the statutory minimum for both the conspiracy and the attempt offense is 120 months' imprisonment and eight years' supervised release, and the statutory maximum for each offense is life imprisonment. 21 U.S.C. §§ 841(b)(1)(B) & 846.

3

sentence would have on his family life.  He suggested a sentence of 120 months'

imprisonment, the mandatory minimum sentence he could have received.  The District

Court ultimately imposed a below guidelines sentence of 200 months' imprisonment on

each of the two counts, to be served concurrently.[2]

Luciano-Guilloti timely appealed.

## II.     Discussion[3]

On appeal, Luciano-Guilloti contends that his sentence was substantively

unreasonable.  He argues that the District Court did not adequately consider his

cooperation with the government, that it gave too much weight to his status as a career

offender, and that it did not give enough weight to the consequences of the sentence on

his family life.

The government responds that Luciano-Guilloti's appeal is barred by the appellate

waiver he accepted as part of his plea agreement.  It emphasizes that none of the

---

[2] The Court also imposed eight years' supervised release, a fine of $2,000, and a special assessment of $200.

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  We review the District Court's legal findings *de novo*, but review its factual findings for clear error.  *United States v. Dullum*, 560 F.3d 133, 140 (3d Cir. 2009).  We apply an abuse of discretion standard when reviewing the procedural and substantive reasonableness of a sentence. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).  "If the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant … ." *Id.* at 568.  "At both [the procedural and substantive] stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *Id.* at 567. "We exercise plenary review in deciding whether an issue raised by a defendant falls within the scope of an appellate waiver in his plea agreement." *United States v. Goodson*, 544 F.3d 529, 537 n.6 (3d Cir. 2008).

enumerated exceptions set forth in the plea agreement have been satisfied. In the alternative, the government argues that the sentence imposed by the District Court was substantively reasonable. Luciano-Guilloti does not address the issue of appellate waiver in his opening brief, and he did not file a reply brief. Thus, he has not provided us with any reason why his appellate waiver should not bar this appeal, and we conclude that it does.

"We decline to exercise jurisdiction over the appeal where the issues on appeal fall within the scope of the waiver and the defendant knowingly and voluntarily agreed to the waiver, unless 'enforcing the waiver would work a miscarriage of justice.'" *United States v. Saferstein*, 673 F.3d 237, 242 (3d Cir. 2012) (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)). "Courts apply the miscarriage of justice exception sparingly and without undue generosity, but with the aim of avoiding manifest injustice." *United States v. Castro*, 704 F.3d 125, 136 (3d Cir. 2013) (internal quotation marks omitted).

This appeal falls within the scope of the waiver. Luciano-Guilloti does not purport to raise a constitutional claim, and it is clear that the sentence is below the statutory maximum and does not involve an upward departure. The only remaining exception to the waiver provision allows for a direct appeal if "the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005), [has] imposed an unreasonable sentence *above* the final Sentencing Guidelines range determined by the Court." (Supplemental App. at 9-10 (emphasis added).) Here, the undisputed guidelines range was 262 to 327 months' imprisonment for each of the two

5

counts, and the District Court imposed a *below* guidelines sentence of 200 months' imprisonment for each count, to be served concurrently. Because the sentence is below the guidelines range, the issue on appeal – whether Luciano-Guilloti's sentence was substantively unreasonable – plainly falls within the terms of the appellate waiver.

Moreover, at the change-of-plea hearing, Luciano-Guilloti acknowledged that he signed, understood, and agreed to the terms of the plea agreement. The government summarized the terms of the plea agreement, including the appellate waiver, and Luciano-Guilloti again acknowledged that he understood and agreed to be bound by those terms. He knowingly and intelligently agreed to the terms of the waiver.[4]

Finally, enforcing the appellate waiver here does not result in a miscarriage of justice. Luciano-Guilloti admitted to every element of the crime and potentially faced a maximum of two life sentences as a result of his conduct. The District Court imposed a sentence more than five years below the bottom of the guidelines range for each count, to be served concurrently. There is no miscarriage of justice in applying the waiver, and it bars this appeal.

---

[4] Luciano-Guilloti claims only a minimal understanding of the English language, and he only attained a seventh grade education in Puerto Rico. The Court, however, expressly instructed Luciano-Guilloti to tell the Court if he did not understand something that was said, and that the Court would repeat itself and ensure that Luciano-Guilloti understood what was being said. Luciano-Guilloti acknowledged that an interpreter read the plea agreement to him, the same interpreter attended the plea and sentencing hearings, that all questions were answered to his satisfaction, and that he understood the agreement. The Court also found that Luciano-Guilloti was "fully alert, competent and capable of entering into an informed plea." (Supplemental App. at 103.)

**III.    Conclusion**

For the foregoing reasons, we affirm the sentence imposed by the District Court.