**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2197
_____

UNITED STATES OF AMERICA

v.

MAURICE KINARD, a/k/a "Audre Hill",

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-12-cr-00493-001)

District Judge:  Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2014

Before:  HARDIMAN, SLOVITER, and BARRY, Circuit Judges

(Filed: April 8, 2014)
_____

O P I N I O N
_____

Sloviter, Circuit Judge

Appellant Maurice Kinard pled guilty to one count of conspiracy to possess with

intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B) and one count of possessing a firearm despite having a felony conviction in violation of 18 U.S.C. § 922(g)(1). As part of the plea agreement, Kinard agreed to waive his right to appeal, with the exception that he reserved his right to challenge the District Court's calculation of his criminal history category. The District Court sentenced him to 108 months imprisonment for each count, to be served concurrently. Kinard now appeals the sentence. Kinard's defense counsel seek to withdraw from their representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Third Circuit L.A.R. 109.2(a). Kinard's counsel explains that any possible challenge to the sentence would fall within the appellate waiver, except the challenge to the criminal history calculation, which is frivolous. We will grant the motion of Kinard's counsel to withdraw, dismiss Kinard's appeal for failure to raise any non-frivolous issues, and affirm the sentence imposed by the District Court.[1]

I.

On March 11, 2010, deputies with the United States Marshals Service (USMS) in New Jersey learned that Kinard, a fugitive wanted by the New Jersey Department of Corrections, was in Linden, New Jersey, conducting a drug transaction. At approximately 3:00 pm that day, officers observed Kinard execute a drug transaction with Jared Robinson and Rojean Morgan, and intercepted the men. When officers stopped Kinard, he initially identified himself as "Audre Hill," a member of the New York Police

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction over the final judgment of the District Court pursuant to 28 U.S.C. § 1291, and jurisdiction to review a sentence imposed by the District Court pursuant to 18 U.S.C. § 3742.

Department. However, as officers attempted to verify his identification, they observed him throwing white powder out of the vehicle which he was driving and apprehended him. The officers recovered 986 grams of cocaine from Robinson and 0.193 grams of cocaine in the powder Kinard threw out of his window. They also found a .38 caliber handgun in Kinard's automobile. After his arrest, Robinson stated to the police that he accepted a shipment of drugs via FedEx at his mother's house, and accompanied Morgan, who planned to sell the drugs to Kinard.

On July 19, 2011, the United States Attorney and Kinard entered into a plea agreement stipulating that Kinard would plead guilty to one count of conspiracy to possess more than 500 grams but less than 2 kilograms of cocaine, and one count of possession of a firearm by a felon. The plea agreement stipulated that neither party would argue for a sentence outside the Sentencing Guidelines range. The Probation Office calculated a Guideline sentence range of 100 to 125 months imprisonment. This range reflects an assessment of twelve points for criminal history, including three points each for prior sentences imposed for credit card fraud and bail jumping. These sentences were imposed after Kinard pled guilty to charges of credit card fraud and bail jumping in 2006. He had initially been arrested for the credit card fraud in 2005, but had failed to show up for a required court hearing and was re-arrested in 2006, at which time he was charged for both the credit card fraud and skipping bail.

At the sentencing hearing for this case, Kinard's counsel argued that the bail jumping sentence should have been grouped with the credit card fraud sentence because Kinard served the sentences concurrently. The District Court disagreed that the prior

sentences should be grouped, because they were imposed for offenses that were separated by an intervening arrest. The court sentenced him to 108 months on each count, to be served concurrently, plus five years of supervised release.

II.

In reviewing counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738, we engage in a two-part inquiry: (1) whether counsel adequately fulfilled the requirements of Third Circuit L.A.R. 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). However, we are not required to engage in a "complete scouring" of the record to identify issues for the defendant. *See id.* at 301. When the *Anders* brief appears adequate on its face, we are guided in reviewing the record by the brief itself. *Id.*

An *Anders* brief is adequate when it demonstrates that counsel thoroughly examined the record in search of appealable issues but did not find any that would not be frivolous. *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000)); *see* Third Circuit L.A.R. 109.2(a) (an *Anders* motion may be filed only when "trial counsel is persuaded that the appeal presents no issue of even arguable merit . . .").

Kinard waived his right to file an appeal or collateral attack on any sentence that fell within or below the applicable guideline range, with the sole exception that he reserved the right to challenge the court's determination of his criminal history category. When the government invokes an appellate waiver, we must decline to exercise jurisdiction over the appeal when: (1) the defendant knowingly and voluntarily agreed to the waiver; and (2) the issues on appeal fall within the scope of the waiver, except when

4

doing so would work a miscarriage of justice. *See United States v. Saferstein*, 673 F.3d 237, 241-42 (3d Cir. 2012) (citing *United States v. Corso*, 549 F.3d 921, 926 (3d Cir. 2008)).

The waiver here is clear and unambiguous. Kinard "voluntarily waive[d], the right to file any appeal . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 25." App. at 30. The sentence of 108 months falls within the range of 100 to 125 months specified under the Guidelines for an offense level of 25 with a criminal history category of V (10-12 criminal history points). U.S.S.G. § 5A. Moreover, a careful review of the plea colloquy shows that the District Court clearly conveyed to Kinard that apart from his right to appeal the criminal history calculation he would "never be able to attack or challenge [his] conviction or the sentence in this case in any way, shape or form." App. at 45. Kinard stated that he understood this provision of the plea agreement, having discussed it with his defense attorney. Finally, as is evident from the plea colloquy and Kinard's criminal history, Kinard is not unfamiliar with the process of a plea hearing, and he does not now claim that he did not understand the terms of the appellate waiver. Given these facts, there is adequate justification for defense counsel's assertion in their *Anders* brief that "[b]ased on [their] review, Mr. Kinard's waiver of appeal was knowing and voluntary . . . ." Appellant's Br. at 13.

Notwithstanding an effective appellate waiver, this court will not enforce a waiver if doing so would work a miscarriage of justice. *See United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008). Whether enforcing a waiver in the face of an error would work

5

a miscarriage of justice depends on the "clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.* at 243 (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)). Because the District Court committed no error in computing Kinard's sentence, *see infra*, defense counsel is justified in asserting in their *Anders* brief that "none of the exceptions to the waiver [are] implicated by Mr. Kinard's sentence." Appellant's Br. at 13.

The appellate waiver being effective, Kinard's only viable basis for appeal is the challenge to the District Court's computation of his criminal history category, which is explicitly exempt from the waiver. The essence of the objection is that Kinard's convictions in 2006 for credit card fraud and bail jumping should have been counted together for a total of three criminal history points, instead of separately for a total of six criminal history points. Under this alternate computation, Kinard's criminal history category would have been IV rather than V, resulting in a sentencing range of 84-105 months. U.S.S.G. §5A. However, this alternate computation is not tenable, as defense counsel's *Anders* brief adequately explains. Appellant's Br. at 14-16.

The Guidelines instruct that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest . . . . If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). While Kinard pled

6

guilty to the credit card fraud and the bail jumping at the same time after being re-arrested in August 2006, and was sentenced at the same time, the offenses themselves were separated by Kinard's initial arrest for the credit card fraud, before he skipped bail and before he was re-arrested. Because the credit card fraud and the bail jumping were separated by an intervening arrest, the District Court properly counted them separately.

In summary, defense counsel's *Anders* brief convincingly demonstrates that counsel thoroughly considered the possible avenues of appeal, given the limitations on appeal contained in the valid appellate waiver. Furthermore, the only avenue of appeal allowed by the appellate waiver is without merit, because the District Court properly counted Kinard's prior sentences separately according to the plain text of the Guidelines.

III.

For the foregoing reasons, we hereby grant defense counsel's motion to withdraw, dismiss Kinard's appeal for failing to raise any non-frivolous issues, and affirm the sentence imposed by the District Court.